UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LORENZO FOREMAN, et al.,** | : | **CIVIL NO. 3:01CV0061(WIG)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE OF CONNECTICUT, et al.,** | : | |
| | : | **JULY 31, 2006** |
| **Defendants.** | : | |

## FAIRNESS HEARING OPINION AND ORDER

On Thursday, July 20, 2006, the parties appeared before the Court for a hearing concerning the fairness and reasonableness of the settlement reached in this class action proceeding. Counsel for the plaintiffs and the defendants made presentations in favor of approval of the settlement, and the named class representatives were afforded an opportunity to speak on the record. Despite direct and published notice of the fairness hearing, no one appeared at the hearing to object to, or opt out of, the class action, or to ask questions about the status of the case or the procedures for implementation of the settlement. No written objections to the settlement or opt-outs were received by the Claims Administrator prior to the hearing.

Prior to the fairness hearing, the Court had worked extensively with the parties and their counsel in the negotiations that produced this settlement. The Court thus had many opportunities prior to the fairness hearing to test the positions of the parties and to observe first-hand the vigorousness with which they were represented by counsel.

Now, having heard the presentations of counsel and considered the comments of the named class representatives, the Court finds as follows:

1. The Court's consideration of the fairness and reasonableness of this class action settlement is governed by the factors delineated in the seminal case of *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2nd Cir. 2000). Those factors are: (1) the complexity, expense and likely duration of the

1

litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Id.*, at 463. Having considered all of these factors, the Court finds the settlement is fair, reasonable, and adequate.

2. Class action litigation under 42 U.S.C. §1983 is highly complex. Litigating and resolving the claims of hundreds of class members can be a very expensive and lengthy process. This litigation has already been pending over five years, and would likely take many more years to resolve given the legal and factual issues relating to class certification, liability and damages, and the likely discovery that would be necessary before the parties could be expected to go to trial. The settlement proposed by the parties will save the parties and the Court considerable time and expense. Instead of facing years of uncertainty, the parties can resolve the case now under terms that are acceptable to them.

3. Given that there have been no objections to the settlement by class members, and that none have opted out, it appears that the reaction of the class to the settlement weighs heavily in favor of approval.

4. All parties faced substantial risks in the absence of a settlement. The Court had yet to resolve the issue of class certification, and liability and damages would no doubt be vigorously litigated. Any decision by the Court on any one or more of the critical issues that remained to be resolved, or any developments in the facts of the case having a material effect on those issues, could have substantially impacted the settlement positions of the parties or made settlement impossible.

5. While the Defendants may have been able to withstand a greater judgment, it is not at all clear whether they would have been exposed to a judgment at all, given the discussion above. On the other hand, had this case gone to trial, the Defendants could have been exposed to a judgment that exceeded the amount of the settlement fund agreed to by the parties. However, it is unclear how many class members would have been willing to press their claims individually in the absence of class certification, and what a jury would have awarded had liability been proven, given the circumstances of the

case and the injuries alleged by the Plaintiffs.

6. To date, approximately 150 claims have been filed. More will likely be filed prior to the close of the claims period. Lead counsel for the class estimated, based on his prior experience, that between one-quarter and one-third of all claims would be disallowed. Whatever the number of remaining claims, it is clear that approved claimants will receive a fair, reasonable and adequate payout that compares favorably with recoveries in comparable class actions. The fact that outstanding liens will be withheld from the payouts to approved claimants in no way diminishes the fairness or reasonableness of the settlement, or its value to approved claimants.

7. The additional amounts awarded to the named class representatives are also fair and reasonable. The amounts the named class representatives are entitled to recover under the terms of the settlement -- $20,000 each -- bear a reasonable relation to the amounts likely to be paid to approved claimants. In addition, it was the named class representatives who surrendered their anonymity, brought this suit, participated in discovery and in settlement negotiations, and were the catalyst for this result. The Court finds that their participation in this case as named class representatives makes their award under the terms of the settlement agreement fair, reasonable, and adequate.

8. The Court likewise finds the attorney's fee to be awarded to plaintiffs' counsel -- one-third of the settlement fund of $2.5 million -- to be fair and reasonable. As noted above, on account of the Court's involvement in the negotiations leading to the settlement of this case, the Court has been able to observe first-hand the efforts and arguments of counsel on behalf of the parties. The Court finds that all parties were zealously and competently represented by experienced counsel. The Court finds the award fair and reasonable in consideration of all the factors set forth above, in addition to those articulated in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2nd Cir. 2000), including the trend toward the award of percentage fees noted therein.

9. At the fairness hearing, both parties provided the Court with affidavits attesting to the parties' satisfaction to date with their respective obligations, particularly as concerns the providing of notice, under the settlement agreement. The Court specifically finds that the parties have fully satisfied their notice obligations under the settlement agreement, and that the class has been provided with the best notice practicable under the circumstances. The class has been provided fair notice that is detailed

yet understandable via direct mailing, publication in appropriate newspapers, posting in the institution made the subject of these proceedings, and the establishment of a settlement website on-line that can be accessed by class members.

**FOR ALL THE REASONS SET FORTH ABOVE, the Court finds that the settlement of this action proposed by the parties is fair, reasonable and adequate, and it is hereby APPROVED.**

**SO ORDERED,** this ___31st___ day of July, 2006, at Bridgeport, Connecticut.

_____
William I. Garfinkel
United States Magistrate Judge